IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.; BRIAN VERDELOTTI,<br><br>Plaintiffs,<br><br>vs.<br><br>BILLINGS PRE-RELEASE CENTER ALPHA HOUSE, et al.,<br><br>Defendants. | Cause No. CV 20-73-BLG-SPW-TJC<br><br><br><br>ORDER |

Plaintiffs Fourstar and Verdelotti, along with two other individuals named Denny and McQueen, filed a complaint on January 6, 2020. *See Fourstar v. Wolf Point City Police Dep't, et al.*, No. CV 20-01-GF-SPW-TJC (D. Mont. Jan. 6, 2020). Claim 3 of that complaint was improperly joined with Claims 1 and 2 and so has been severed. *See* Order (Doc. 7) at 4–6, *Wolf Point City Police Dep't*, No. CV 20-01-GF. Claim 3 serves as the complaint in this action.

Each plaintiff may decide whether he intends to proceed as a plaintiff in this action. If he intends to participate, he must comply with this Order.

**I. Filing Fee**

Fourstar alone submitted a motion to proceed in forma pauperis and an inmate trust account statement. These documents show that Fourstar cannot pay

1

the full filing fee in a lump sum, but they also show he can contribute to paying the fee. The Court has no reason to suppose the two plaintiffs together cannot pay the filing fee by combining their resources. Either both of them must demonstrate inability to pay the filing fee, or together they must pay it.

## II.  Amendment

Because Fourstar moved to proceed in forma pauperis, it is appropriate to advise both plaintiffs the complaint currently fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). It may be amended to do so.

Fourstar and Verdelotti allege unconstitutional conditions of confinement and other violations arising from one or more periods of detention at the Roosevelt County Detention Facility and at Alpha House in Billings from 2017 to 2019. They also allege a "right to be free from non-jurisdictional police department, agencies, and officials" and resulting "tainted revocation[s]." *See id*. at 4. Plaintiffs allege deprivation of "medical care, mental health care, dental care, [and] legal law library access," Compl. at 3, and denial of their "right to non-disparate access to medical care, mental health care, dental care, right to access law library, [and] confidential communications with their attorneys (telephone, visits, in-coming and out-going legal mail)," *id*. at 4. They fail to allege any facts to support

these conclusory allegations.  The Court is also unable to discern whom they intend to sue, if anyone, other than "Billings Pre-Release Center Alpha House."

An amended complaint must provide specific factual allegations.  For example, each plaintiff must allege facts showing when and for what purpose he attempted to obtain access to legal resources, why he was unable to do so, and how he personally was harmed as a result; or when and why he attempted to obtain dental care, why he was unable to do so, and how he personally was harmed as a result.  And each plaintiff must describe what each defendant did to cause or contribute to causing each violation for which the plaintiff seeks to hold him responsible.

In sum, the amended complaint must consist of short, plain statements telling the Court:  (1) the rights each plaintiff believes were violated; (2) the name, if known, of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant caused or contributed to causing the violation of each plaintiff's rights; (5) when the alleged actions took place; and (6) what injury each plaintiff suffered because of that defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 370–71, 377 (1976).

### III.  Class Action

The complaint suggests a class action is appropriate.  *See, e.g.*, Compl. (Doc.

1) at 4, 6.  Because Plaintiffs have not yet stated a claim on which relief may be granted, the Court will consider the issue at a later time.

Based on the foregoing, the Court enters the following:

**ORDER**

1. On or before **October 30, 2020,** Plaintiffs must pay the full filing fee of $400.00, or Plaintiff Verdelotti (assuming he intends to be a plaintiff in the case) must move to proceed in forma pauperis.

2. With each plaintiff's service copy of this Order, the clerk will include the Court's form motion to proceed in forma pauperis, the complaint filed in this action, and the docket sheet.

3. On or before **October 30, 2020,** an amended complaint must be filed.  If both Fourstar and Verdelotti intend to participate in the action, both must sign the same amended complaint.  Failure to sign the amended complaint will result in dismissal from the action.

4. <u>Each plaintiff must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under this case number.  Failure to do so may result in dismissal of this action without notice to him.

DATED this 2nd day of October, 2020.

          /s/ Timothy J. Cavan
          Timothy J. Cavan
          United States Magistrate Judge