IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.; BRIAN VERDELOTTI, et al., <br><br>Plaintiff, <br><br>vs. <br><br>BILLINGS PRE-RELEASE CENTER ALPHA HOUSE, et al., <br><br>Defendants. | Cause No. CV 20-73-BLG-SPW <br><br><br>ORDER |

## I. Background

On January 6, 2020, Plaintiffs Fourstar and Verdelotti and two other individuals, Denny and McQueen, filed a complaint. *See Fourstar v. Wolf Point City Police Dep't, et al.*, No. CV 20-01-GF-BMM-JTJ (D. Mont. Jan. 6, 2020).

On June 1, 2020, United States Magistrate Judge Timothy J. Cavan found that Claim 3 of the Complaint was improperly joined with Claims 1 and 2. Claim 3 was severed, *see* Order (Doc. 1-1) at 5, and now serves as the complaint in this action, *see* Compl. (Doc. 1). It named Fourstar and Verdelotti as plaintiffs and Billings Pre-Release Center Alpha House and many others, see Compl. at 3, 4, as defendants.

On June 2, 2020, the clerk mailed a "Notice of Case Opening" to each of the

1

four plaintiffs. Each was therefore advised of the need to inform the clerk of any change of address. *See* Notice of Case Opening (Doc. 3) at 2.

On October 2, 2020, Judge Cavan ordered that either Plaintiff Verdelotti must move to proceed in forma pauperis, or Fourstar and Verdelotti together must pay the full filing fee of $400.00. *See* Order (Doc. 5) at 1–2. The clerk served the order on each plaintiff at his last reported address.

Because Fourstar moved to proceed in forma pauperis, and anticipating that Verdelotti might, Judge Cavan advised both plaintiffs that the complaint failed to state a claim on which relief may be granted. *See* Order (Doc. 5) at 2 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). The judge explained that the complaint failed to allege facts to support its conclusory allegations that plaintiffs were deprived of various rights. *See id.* at 2–3. He concluded:

> In sum, the amended complaint must consist of short, plain statements telling the Court: (1) the rights each plaintiff believes were violated; (2) the name, if known, of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant caused or contributed to causing the violation of each plaintiff's rights; (5) when the alleged actions took place; and (6) what injury each plaintiff suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 370–71, 377 (1976).

Order (Doc. 5) at 3 (emphasis in original). A deadline of October 30, 2020 was set for filing of an amended complaint. *See id.* at 4 ¶ 3.

On October 26, 2020, Plaintiff Fourstar moved for an extension of time to

respond. He explained that he expected to be transferred to another location and that his attempts to contact Plaintiff Verdelotti had so far been unsuccessful. *See* Pl. Fourstar Mot. for Extension (Doc. 6) at 1–2.

On December 28, 2020, Fourstar moved for reconsideration of the ruling on his motion to proceed in forma pauperis—a ruling that has not been made—and filed a second motion to proceed in forma pauperis. *See* Mot. to Reconsider and to Proceed (Docs. 9, 10). He also filed an amended complaint naming 35 defendants. Fourstar and three other prisoners signed the amended complaint, though Verdelotti did not.

## II. Allegations of the Original and Amended Complaints

In the original complaint, Fourstar and Verdelotti alleged unconstitutional conditions of confinement and other violations arising from one or more periods of detention at the Roosevelt County Detention Facility and at Alpha House in Billings from 2017 to 2019. *See* Compl. (Doc. 1) at 3–5. They also alleged a "right to be free from non-jurisdictional police department, agencies, and officials" and a resulting "tainted revocation." *See* Compl. (Doc. 1) at 4.

The amended complaint alleges six claims, all arising from events occurring between July 17, 2019, and December 3, 2020:[1]

---

[1] Allegations purportedly brought by Fowler, Lyons, and Red Eagle are disregarded. They did not sign the pleading.

3

1. Fourstar and Old Chief were wrongfully required to register as sex offenders. *See* Am. Compl. (Doc. 11) at 10.

2. Fourstar and Old Chief wrongfully suffered from COVID-19. *See id.* at 10, 13.

3. Fourstar and Littlesun suffered use of excessive force by "non-jurisdictional" government police authorities. *See id.* at 10.

4. Fourstar, Old Chief, Littlesun, and Fast Horse were denied funds under the First Step Act, the Second Chance Act, and the CARES Act. *See id.* at 14.

5. Fourstar and Littlesun suffered "deprivations COVID-19 treatment and reliable COVID-19 treatment approved by FDA and screening, and other medical, mental and dental, programs, rehabilitative, and religious services and unnecessary COVID-19 risks." *Id.* at 13.

6. Fourstar "suffered denial jurisdictional procedures." *Id.*

### III. Improper Joinder and Severance

#### A. Controlling Procedural Law

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

Federal Rule of Civil Procedure 20 provides, in part:

(1)   *Plaintiffs.* Persons may join in one action as plaintiffs if:

4

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) *Defendants.* Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). A "transaction" or "occurrence" is a "core of operative facts." *See, e.g., Mayle v. Felix*, 545 U.S. 644, 657–59 (2005) (discussing Rule 15(c)(1)(B)).

Together, Rules 18 and 20 allow consolidation in one case of all claims one party has against another and consolidation in one case of all parties against whom a party has a claim. The rules do not permit consolidation in one case of claims multiple plaintiffs have against multiple defendants. For example, "[a] plaintiff may put in one complaint every claim of any kind against a single defendant, but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*,

5

689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A) and (2)(A)). Conversely, two plaintiffs may not join in filing a complaint unless they assert a common right to relief with respect to a common core of operative facts.

Federal Rule of Civil Procedure 21 allows severance of improperly joined claims or parties. *See* Fed. R. Civ. P. 21.

### B. Application

#### 1. New Plaintiffs

Plaintiffs Old Chief, Little Sun, and Fast Horse make no allegation concerning the conditions of confinement and other violations arising from one or more periods of detention at the Roosevelt County Detention Facility and at Alpha House in Billings from 2017 to 2019. *See* Compl. (Doc. 1) at 3–5; Am. Compl. at 1–17. They allege no "right to be free from non-jurisdictional police department, agencies, and officials" or resulting "tainted revocation." *See* Compl. (Doc. 1) at 4. They cannot join Fourstar and Verdelotti in this action.

#### 2. Claim 3

Plaintiffs Fourstar and Littlesun allege they were subjected to excessive use of force in Wolf Point, Montana, and at Montana State Prison. Fourstar's claim apparently arose during an arrest on August 30, 2020, and Littlesun's "during . . . 2019 detention." Am. Compl. at 10 ¶ III(A)(4)(3).

These allegations do not "assert any right to relief jointly, severally, or in the

6

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). They are not properly joined. Claim 3 will be severed into two separate claims, one for each plaintiff.

### 3. Claim 4

This is the only claim of the amended complaint in which joinder of all four plaintiffs might be permissible. It is not properly joined with any other claim in the amended complaint.

### 4. Claims 2 and 5

Fourstar, Old Chief, and Littlesun make claims related to COVID-19. It is not clear why Fourstar includes himself in two separate allegations, *see* Am. Compl. at 13 ¶ IV(1), (2), nor does the pleading make clear where or when any of the plaintiffs was harmed or by whom. Severance of the plaintiffs may prove appropriate. For the present, however, Claims 2 and 5 will remain joined with each other and will be severed from the other claims.

### 5. Claim 1

In Claim 1, Plaintiffs Fourstar and Old Chief allege that Alpha House, the City of Billings Police Department, Captain Rich St. John, and Yellowstone County Sheriff Mike Linder wrongfully required them to register as sex offenders. *See* Am. Compl. (Doc. 11) at 10 ¶¶ III(A)(3)(2), (4)(2). Joinder of these plaintiffs

may be inappropriate, but the issue need not be decided at this point. Claim 1 has nothing in common with the other claims and will be severed from them.

### IV. Cause No. CV 20-73-BLG-SPW

For the following reasons, this case is concluded.

The Court cannot say that Verdelotti would be unable to state a claim on which relief might be granted. *See, e.g., United States v. Cooley*, No. 19-1414 (U.S. cert. granted Nov. 20, 2020). But he has neither paid the fee nor moved to proceed in forma pauperis, nor did he sign the amended complaint. *See* Order (Doc. 5) at 4 ¶¶ 1, 3.

As to Fourstar, the only possible point of intersection between the original and amended complaints lies in Claim 6 of the amended complaint. The amended complaint is more conclusory than the original, not less. It alleges only that Fourstar "suffered denial jurisdictional procedures," Am. Compl. (Doc. 11) at 13, and "taint-in-chain-of-evidence and fruits-of-a-poisonous tree," *id.* at 14 ¶ 4.

The amended complaint fails to discuss at all, much less explain, "what <u>each</u> defendant did or failed to do" between 2017 and 2019 at the Roosevelt County Detention Facility or at Alpha House to create or perpetuate any of the allegedly unconstitutional conditions of confinement or other violations arising from Fourstar's detention. *See* Order (Doc. 5) at 3. It does not explain why Fourstar believes he has a "right to be free from non-jurisdictional police department,

8

agencies, and officials," what is "non-jurisdictional" about them, or what they did with respect to Fourstar.

Despite his opportunity to amend, Fourstar still fails to state a claim on which relief may be granted. Claim 6 of the amended complaint—the only one related to the original complaint—will be dismissed with prejudice for failure to state a claim on which relief may be granted.

Accordingly, IT IS ORDERED:

1. Claim 3 of the Amended Complaint is SEVERED.

   a. The clerk will open two new civil actions, lodge pages 10, 13–14, and 17 of the Amended Complaint (Doc. 11) as the complaint in each action and attach this Order.

   b. Fourstar will be the Plaintiff in one action and Enrique Morales will be the Defendant. The clerk will file Fourstar's second motion to proceed in forma pauperis in this case (Doc. 10) in the new civil action.

   c. In the other action, Chester Littlesun will be the Plaintiff and Montana State Prison Warden and Guards will be the Defendant.

   d. The clerk will issue a Notice of Case Opening to each plaintiff. Each plaintiff must use the correct case number on all submissions to the Court.

2. Claim 4 of the Amended Complaint is SEVERED.

   a. The clerk will open one new civil action, lodge pages 14, 13, and 17 of the Amended Complaint (Doc. 11) as the complaint and attach this Order.

9

    b.      Fourstar, Littlesun, Old Chief, and Fast Horse will be the Plaintiffs. The Defendant will be John Doe. The clerk will file Fourstar's second motion to proceed in forma pauperis in this case (Doc. 10) in the new civil action.

    c.      The clerk will issue a Notice of Case Opening to each plaintiff. Each plaintiff must use the correct case number on all submissions to the Court.

3. Claims 2 and 5 of the Amended Complaint are SEVERED.

    a.      The clerk will open one new civil action, lodge pages 10–11, 13, and 17 of the Amended Complaint (Doc. 11) as the complaint in each action and attach this Order.

    b.      Fourstar, Old Chief, and Littlesun will be the Plaintiffs. The Defendant will be John Doe. The clerk will file Fourstar's second motion to proceed in forma pauperis in this case (Doc. 10) in the new civil action.

    c.      The clerk will issue a Notice of Case Opening to each plaintiff. Each plaintiff must use the correct case number on all submissions to the Court.

4. Claim 1 of the Amended Complaint is SEVERED.

    a.      The clerk will open one new civil action, lodge pages 10, 13–14, and 17 of the Amended Complaint (Doc. 11) as the complaint and attach this Order.

    b.      Fourstar and Old Chief will be the Plaintiffs. The Defendants are Alpha House, the City of Billings Police Department, Captain Rich St. John, and Yellowstone County Sheriff Mike Linder. The clerk will file Fourstar's second motion to proceed in forma pauperis in this case (Doc. 10) in the new civil action.

    c.      The clerk will issue a Notice of Case Opening to each plaintiff. Each plaintiff must use the correct case number on all submissions to the Court.

5. Plaintiff Verdelotti is DISMISSED for failure to pay the filing fee or move to proceed in forma pauperis.

6. The original complaint (Doc. 1) and Claim 6 of the amended complaint (Doc. 11) are DISMISSED WITH PREJUDICE for failure to state a claim.

7. Fourstar's motions to proceed in forma pauperis (Docs. 2, 10), for extension of time (Doc. 6), and for reconsideration (Doc. 9) are DENIED AS MOOT.

8. The clerk will enter, by separate document, a judgment of dismissal without prejudice as to Verdelotti and with prejudice as to Fourstar.

9. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Fourstar's filing of this action counts as one strike against him.

DATED this 5th day of February, 2020.

/s/ Susan P. Watters
Susan P. Watters
United States District Judge